The State v. Charlie Finley, Appellant.—12 S. W. (2d) 27.

Division Two, December 18, 1928.

Roy A. Fish for appellant.

*Stratton Shartel,* Attorney-General, and *Walter E. Sloat,* Special Assistant Attorney-General, for respondent.

WALKER, J.—The appellant was charged by information in the Circuit Court of the City of St. Louis with robbery in the first degree. Upon a trial to a jury he was convicted and his punishment assessed at eight years' imprisonment in the penitentiary. From this judgment he appeals.

At about 10:30 o'clock on the night of November 21, 1926, the proprietor of a drug store located at 2804 Market Street, city of St. Louis, was preparing to close his store when he heard someone order him to hold up his hands. He turned around to find a man approaching him in a menacing attitude, holding something which looked like a pistol under the corner of his coat. The intruder proceeded to search the druggist and took from his person a small amount of money. He then backed the druggist into a corner behind the prescription case, took from the till or money drawer the day's receipts, $27.65, and fled. The druggist ran to a police station and notified the officers of the robbery, who at once went in pursuit of the robber. He was apprehended a few blocks distant from the drug store and on searching him the amount of money that had been taken from the druggist and a toy pistol were found on his person. He admitted that he had committed the robbery.

Testimony was offered by the defense to show that the appellant when under the influence of liquor acted like an insane man and that he had been drinking the evening before the robbery. It was also shown that his mental capacity was below normal. A doctor who was qualified as an expert testified that the appellant had the mind of a ten year old child and was not possessed of sufficient comprehension to distinguish between right and wrong. The father and uncle of the appellant and another testified that when he was under the influence of liquor he did not act like a sane man. The testimony

of the appellant was that he had drunk a quantity of liquor and did not know what occurred thereafter; that he had no knowledge of having committed the robbery. Three police officers in rebuttal of the testimony in regard to the mental condition of the appellant, testified that upon his arrest immediately after the crime he manifested no evidence of insanity.

We have reviewed this record as we are required to do and unless the assignments made by the counsel for the appellant contain prejudicial error there is none to be found in the case. These assignments, in the language employed in the record, are as follows:

"The defendant moves the court to set aside the verdict and grant him a new trial, because:

"1st. The court erred in admitting the testimony of police officers who testified that the defendant at the time of his arrest was sane.

"2nd. The court erred in giving Instruction 7, as said instruction directed the jury's attention to acts and statements of the defendant and singled out the defendant from other witnesses in the case."

I. Concerning the first assignment. The rule is that a lay witness testifying in regard to the insanity of a person, to give his testimony probative force, must first state the facts on which he bases his conclusion. [State v. Cockriel, 314 Mo. 699, 285 S. W. 440; State v. Liolios, 285 Mo. 1, 225 S. W. 941; Hunter v. Briggs, 254 Mo. 28, 162 S. W. 204.] The rule is otherwise, however, as we held in the Cockriel and Liolios cases, where witnesses were called as the police officers were in the case at bar, to testify that the person on trial is sane. A like ruling was made in State v. Soper, 148 Mo. 217, 235, 49 S. W. 1007.

II. The second assignment challenges the correctness of Instruction Number Seven, given at the request of the State, declaratory of the law as to the manner in which the statements of the defendant were to be considered by the jury. It has frequently met with our approval, as is attested by a reference to State v. Hamilton, 304 Mo. 19, 263 S. W. 127, where the instruction is set forth *in hacc verba* as it was given in the instant case.

In the absence of prejudicial error the judgment is affirmed.

All concur.